1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9
10
11

DONALD STOCKMYER,

        Plaintiff,

  v.

D. FETROE, et al.,

        Defendants.

CASE NO. C16-5614-BHS-KLS

ORDER REGARDING FILING OF AMENDMENT/SUPPLEMENT (Dkt. 23)

12       On January 30, 2017, Plaintiff Donald Stockmyer filed an "Amendment/Supplement."
13 Dkt. 23.  Large portions of the filing are illegible, but it appears that Mr. Stockmyer is attempting
14 to supplement his original complaint filed six months ago (Dkt. 5), with a recitation of the
15 standards applicable to his claim.  He also attaches various exhibits, including grievances and
16 medical records.  Dkt. 23.  Plaintiff has not filed a motion to amend his complaint.

17 **DISCUSSION**

18       Rule 15 governs amendments to pleadings.  It provides that, after an initial period for
19 amendments as of right, pleadings may be amended only with the opposing party's written
20 consent or by leave of the court.  Fed. R. Civ. P. 15(a).  Generally, "the court should freely give
21 leave [to amend pleadings] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This rule should
22 be interpreted and applied with "extreme liberality."  *Morongo Band of Mission Indians v. Rose*,
23 893 F.2d 1074, 1079 (9th Cir.1990).  Federal policy favors freely allowing amendment so that

ORDER GRANTING EXTENSION - 1

1  cases may be decided on their merits.  *See Martinez v. Newport Beach City*, 125 F.3d 777, 785

2  (9th Cir.1997).

3        The court ordinarily considers five factors when determining whether to grant leave to

4  amend under Rule 15: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4)

5  futility of amendment," and (5) whether the pleadings have previously been amended.  *Allen v.*

6  *City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir.1990).   "However, each is not given equal

7  weight.  Futility of amendment can, by itself, justify the denial of a motion for leave to amend."

8  *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).  If a proposed amendment could not

9  withstand a motion to dismiss, a court is justified in denying a motion to amend the pleadings

10 made pursuant to Rule 15(a).  *Jones v. Community Redevelopment Agency of City of Los*

11 *Angeles*, 733 F.2d 646, 650-51 (9th Cir. 1984).

12       An amendment that serves to "clarify the point" regarding a defendant but which "could

13 not affect the outcome of [the] lawsuit" can properly be denied as a futile amendment.  *Klamath-*

14 *Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

15       Here, plaintiff does not appear to seek to add new claims or new defendants.  Plaintiff is

16 advised that he is not obligated to prove the allegations in his complaint at this stage of the

17 proceedings.  Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

18 of the claim showing that the pleader is entitled to relief,"  in order to "give the defendant fair

19 notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v.*

20 *Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

21       It is also not necessary under the notice pleading standard to attach exhibits to pleadings.

22 The presentation of exhibits occurs at a later stage of the proceedings, when plaintiff will be

23

1  required to present evidence to prove his allegations, such as a motion for summary judgment or

2  at trial.  There are no pending motions at this time requiring plaintiff to prove his allegations.

3  Local Civil Rule 15 also provides:

4  A party who moves for leave to amend a pleading, or who seeks to amend a pleading by stipulation and order, must attach a copy of the proposed amended pleading as an exhibit to the motion or stipulation. The party must indicate on the proposed amended pleading how it differs from the pleading that it amends by bracketing or striking through the text to be deleted and underlining or highlighting the text to be added. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits. If a motion or stipulation for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties within fourteen (14) days of the filing of the order granting leave to amend, unless the court orders otherwise.

Because the amendment appears to be unnecessary and plaintiff has not properly sought leave to amend pursuant to Rule 15, it is **ORDERED:**

(1) Plaintiff's "amendment/supplement" shall not be considered by the Court.  If plaintiff seeks to amend his complaint, he should do so by filing a motion to amend and comply with the requirements of Local Rule 15.

(2) The Clerk is directed to send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this 15th day of February, 2017.

Karen L. Strombom
United States Magistrate Judge