UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DONALD STOCKMYER,<br><br>               Plaintiff,<br><br>    v.<br><br>DALE FETROE, et al.,<br><br>               Defendants. | CASE NO. C16-5614 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |

This matter comes before the Court on Plaintiff's filing on October 16, 2017, which the Court will construe as a motion for reconsideration. Dkt. 54.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 60 and Local Rules W.D. Wash. LCR 7(h). LCR 7(h) provides:

> Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.

The Ninth Circuit has described reconsideration as an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James

Wm. Moore et al., *Moore's Federal Practice* § 59.30[4] (3d ed. 2000)). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.* (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Plaintiff ascribes three potential errors to the Court's previous order. First, Plaintiff argues that it would have been pointless for him to exhaust the applicable grievance response in regards to his request for additional bed "mats" because numerous other inmates have attempted to grieve the withholding of additional "mats" to no avail. However, Plaintiff's claims regarding the mat are predicated on the allegations of special circumstances that apply to his own individual need for additional "mats." Other inmates may have failed to obtain "mats" in the past, but that does not excuse Plaintiff for failing to seek additional "mats" through the applicable grievance process in light of his own allegedly unique health requirements. Accordingly, even if Plaintiff could show that he was lawfully entitled to additional "mats" for health reasons, the law would still render the Court powerless to hear his claim in light of his failure to exhaust available grievance procedures.

Second, Plaintiff argues that the Court should excuse his failure to exhaust the grievance procedure in regards to the assault from a fellow inmate because Plaintiff did not possess information to identify the staff because he was incapacitated from being transported while under a "30 day medical hold." However, this newly asserted argument directly contradicts his previous statement that he decided not to file a grievances because

1 | he believed there was no point. Dkt. 38 at 4. To the extent Plaintiff asserts that the

2 | grievance system is a "joke" or a "sham," this argument was already addressed and

3 | rejected in the R&R, which the Court adopted. *See* Dkt. 43 at 16.

4 | Finally, Plaintiff argues that the Court's previous order failed to address his other

5 | claims predicated on events beyond the requested additional "mats" and the assault by a

6 | fellow inmate. However, contrary to Plaintiff's contentions, the Court addressed these

7 | claims by adopting the R&R's analysis as it pertained to them. *See* Dkt. 51 at 3.

8 | Accordingly, those claims were dismissed because (1) they were barred by the doctrine of

9 | qualified immunity, (2) Plaintiff had failed to allege any of the Defendants' personal

10 | participation in the alleged violation, or (3) they were state law claims over which the

11 | Court declined to exercise supplemental jurisdiction. *See* Dkt 43 at 19–28.

12 | Plaintiff's motion for reconsideration (Dkt. 54) is **DENIED**.

13 | **IT IS SO ORDERED**.

14 | Dated this 7th day of November, 2017.

BENJAMIN H. SETTLE
United States District Judge